IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA LYNNE DOWNING,
individually and as Personal
Representative of The Estate of Brian
Downing, Deceased, and on behalf of
KRISTYL DOWNING and JAMES
DOWNING, Death Beneficiaries of
The Estate of Brian Downing,

                               Plaintiff,

    v.

BLAIR LOSVAR, Personal
Representative of THE ESTATE OF
ALBERT E. LOSVAR, Deceased;
LYCOMING, A DIVISION OF AVCO
CORPORATION, A SUBSIDIARY
OF TEXTRON AVIATION, INC., a
Kansas corporation, CESSNA
AIRCRAFT COMPANY, A
SUBSIDIARY OF TEXTRON
AVIATION, INC., a Kansas
corporation; and JOHN DOES 1-20,

Defendants.

CIVIL ACTION NO.:

COMPLAINT FOR INJURIES
AND WRONGFUL DEATH

JURY TRIAL DEMANDED

COME NOW the Plaintiffs, by and through their attorneys, Rieders, Travis,

Humphrey, Waters & Dohrmann, and allege as follows:

This is a negligence, wrongful death, survival and injury action brought by

Sandra Lynne Downing, individually and as Personal Representative of the Estate of

Brian Downing who was killed in an airplane crash on August 13, 2015. The aircraft

1

was a Cessna T182T model aircraft, with a Lycoming manufactured, I0-540-AK1A model engine, Federal Aviation Administration Registration No. N6289Z ("subject aircraft").

All Defendants herein are vicariously liable to Plaintiff for injuries sustained as a result of the negligence of persons or entities whose conduct was under their control or right to control and which conduct directly and proximately caused Plaintiff's injuries.

The injuries to and death of decedent Brian Downing were a direct result of the negligence of defendants, their agents, servants and employees and were not due in any manner to the failure to act on the part of decedent or any person other than defendants, or their agents, servants and employees.

All defendants, including their agents, servants and employees acted in such a negligent manner as to cause serious bodily injury and death to Brian Downing, which directly and proximately resulted in his demise.

Brian Downing is survived by the above-captioned beneficiaries under the Wrongful Death Act, 42 Pa. C. S. 8301.

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2

2.     Jurisdiction exists over this action and Defendants under 28 U.S.C. §§ 1332 and 1367.

3.     Venue is proper because Defendant Lycoming conducted significant business in this district, and a substantial part of the events or giving rise to the claim occurred in this judicial district. The decedent resided in this district.

4.     All conditions precedent to bringing this action have been met.

## PARTIES

5.     Plaintiff Sandra Lynne Downing ("Plaintiff" "Sandra Downing" or "Downing"), is the duly appointed Personal Representative of the Estate of Brian Downing, deceased.  Plaintiff Sandra Downing brings this action pursuant to the Wrongful Death, Survival and Special Survival statutes of the State of Washington, individually, and in her capacity as Personal Representative for the benefit of the Estate of Brian Downing, and in her representative capacity on behalf of all relatives of Brian Downing who have legally cognizable claims for wrongful death, including but not limited to Kristy Downing and James Downing, adult children of the decedent Brian Downing.

6.     Decedent Albert Losvar was the owner of the accident aircraft described below and as such was primarily responsible for the maintenance of the accident aircraft to make sure that it was at all times in an airworthy condition.   At

3

all times during the last flight of the accident aircraft which resulted in the crash described herein, Albert Losvar was the pilot in command of the accident aircraft. Defendant Blair Losvar is the duly appointed Personal Representative of the Estate of Albert Losvar.

7.     Defendant Lycoming, is an unincorporated operating division of AVCO Corporation, and Defendant AVCO Corporation is a wholly owned subsidiary of Defendant Textron Aviation, Inc. (hereinafter the "Textron Defendants"), a Kansas corporation, existing under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas. Defendant Lycoming is in the business of manufacturing aircraft engines and component parts for aircraft engines for use in many types of type-certificated and other types of aircraft. Defendant Lycoming has offices in Williamsport, Pennsylvania.  Defendant Lycoming designed, manufactured, and supplied may of the parts of the engine, model I0-540-AK1A, on the accident aircraft described below.

8.     Defendant Cessna Aircraft Company, is a subsidiary of Defendant Textron Aviation, Inc. (hereinafter the "Textron Defendants"), a Kansas corporation, existing under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas.  Defendant Cessna is the manufacturer of the accident aircraft, model T182T, described below.

4

9.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-20, inclusive, are unknown to Plaintiff and are therefore sued under those fictitious names.  Plaintiff is informed and believes, and therefore alleges, that each of the individuals was in some manner tortuously responsible for the event and happenings alleged in this Complaint and legally caused the injuries and damages to Plaintiff alleged herein.

## PLAINTIFF'S FACTUAL AVERMENTS

10.    Plaintiff hereby alleges and incorporates paragraphs 1-9, above, by reference herein.

11.    On or about August 13, 2015 the subject aircraft, Cessna T182T model aircraft, powered by a Lycoming TIO-540-AK1A engine, serial number L-13038-61A, Federal Aviation Administration Registration No. N6289Z, departed from Dorothy Scott Airport (0S7), Oroville, Washington, at approximately 8:30 a.m. Pacific daylight time, with an intended destination of Spokane International Airport (GEG) in Spokane, Washington ("subject flight").

12.    The subject aircraft was manufactured in 2012.

13.    The subject aircraft was sold in 2012.

14.    At approximately 8:45 a.m. Pacific daylight time the subject aircraft crashed killing occupants, pilot Albert Losvar, and passenger Brian Downing.

15.    A photograph (below) taken by the National Transportation Safety

Board at the scene of the crash showed an obstructed fuel selector port.



16.   As a direct and proximate result of the above-described plane crash, Plaintiff's decedent, Brian Downing, his Estate, and his beneficiaries have sustained injuries and damages which are set forth below.

17.   The negligence of defendants set forth with particularity in the counts below and above directly and proximately cause plaintiff decedent Brian Downing to suffer the following injuries:

      a.  Pain;

      b.  Suffering;

      c.  Embarrassment;

      d.  Humiliation;

      e.  Anxiety;

      f.  Fear and fright;

      g.  Conscious pain and suffering;

    h.  Mental anguish;

    i.  Fear of impending doom;

    j.  Loss of life's pleasures; and

    k.  Death.

18.    The injuries to Brian Downing were caused solely by the negligence of the Defendants as set forth more fully below and were not caused or contributed to in any way by any negligence on the part of Brian Downing.

19.    The negligence of all Defendants directly and proximately caused the injuries and death to Brian Downing.

## **CLAIMS FOR RELIEF**

### **COUNT I – NEGLIGENCE**

**SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. ALL DEFENDANTS**

20.    Plaintiff hereby alleges and incorporates all paragraphs above, by reference herein.

21.    The above-described plane crash and resulting damages to Plaintiff were the direct and proximate result of the combined negligence and or tortious conduct of all the Defendants herein.

22.    As a direct and proximate result of said conduct of the Defendants, Plaintiff has sustained injuries and damages which are set forth below.

## COUNT II – NEGLIGENCE

**SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. TEXTRON DEFENDANTS**

23.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein. Plaintiff hereby alleges and incorporates all paragraphs above, by reference herein.

24.    The crash of N6289Z which resulted in the injuries and damages to Plaintiff was caused by the negligence, carelessness and recklessness of Textron Defendants in that the subject aircraft, engine or components thereof were negligently, carelessly and recklessly designed, manufactured, assembled, tested, installed, marketed, sold and delivered.

25.    The Textron Defendants failed to issue proper and adequate warnings, guidelines, instructions and cautions related to the maintenance and use of the subject aircraft and or engine and or components thereof and therefore were not reasonably safe.  The Textron Defendants also breached their post-sale duty to warn and failed to take action to prevent use of the dangerous subject aircraft, engine and or component parts.

36.    As a direct and proximate cause of the above negligence, including The Textron Defendants' acts and omissions, N6289Z crashed, killing Brian Downing, and causing injuries and damages to Plaintiff as set forth below.

## COUNT III – STRICT LIABLITY

**SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. TEXTRON DEFENDANTS**

37.    The preceding paragraphs of this Complaint are incorporated as though fully set

forth herein.

38.    At all material times relevant hereto, The Textron Defendants were engaged in business of designing, manufacturing, assembling, marketing, testing, selling, delivering, distributing, supplying parts and or maintaining the subject model aircraft, engine and or components thereof, and were responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the subject model aircraft, engine and or components thereof.

39.    The Textron Defendants created and or sold the subject aircraft, engine and or components thereof, which were defective, unsafe and unreasonably dangerous in that the design, manufacture, remanufacture, assembly, testing, marketing, installing, selling and delivery of the subject aircraft and or engine and or components thereof were unreasonably dangerous.

40.    The subject aircraft and or engine and components thereof were supplied, sold and introduced into the stream of commerce by these defendants and were in the same or substantially similar condition at the time of the accident giving rise to this litigation as they were when designed, manufactured, and sold.

41.     At all times material herein, these defendants' aircraft, engines, and components thereof were defective, resulting in an unreasonably dangerous condition which was a proximate cause of the happening of the subject accident and the plaintiff's decedent's injuries and death.

42.     The defects in the defendants' aircraft, engines, and components thereof consisted of the following:

a.     defective and inadequate instructions, warnings, and information concerning the testing of the subject aircraft, engine, and or components;

b.     defective and inadequate instructions, warnings, and information regarding the use and maintenance of the subject aircraft, engine, and or components thereof;

c.     defective and inadequate instructions, warnings, and information concerning the inspection requirements of the subject aircraft, engine, and or components thereof;

d.     defective and inadequate instructions, warnings, and information regarding the storage requirements of the subject aircraft, engine, and or components thereof;

e.      defective and inadequate instructions, warnings, and information regarding the operation of the subject aircraft, engine, and or components thereof;

f.      defective and inadequate instructions, warnings, and information regarding the fuel selector valve.

43.    The defects in the aforementioned aircraft, engine, and or component parts thereof sold, supplied and introduced into the steam of commerce by these defendants and their actions in that regard were a proximate cause in the happening of the accident and the plaintiff's decedent's injuries and death.

44.    As a direct and proximate result of the defective conditions and the acts and omissions of Textron Defendants, the subject aircraft lost power and crashed, killing Brian Downing, and causing injuries and damages to Plaintiff set forth below.

## COUNT IV – PRODUCT LIABILITY

### SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. TEXTRON DEFENDANTS

43.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

44.    At all times relevant hereto, Defendant Textron Aviation, Inc., Cessna Aircraft Company and Lycoming Engines (hereinafter "Textron Defendants") were engaged in the business of designing, manufacturing, assembling, marketing,

testing, selling, delivering, distributing, overhauling, rebuilding, supplying parties, and or maintaining the subject model aircraft, and or subject model engine and or components thereof, as well as issuing instructions, guidelines, warnings, cautions, and service information concerning the use of the subject model aircraft, engine and or component thereof.

45.     At all material times, the Textron Defendants held final design approval authority for the subject model aircraft and engine, and entities performing maintenance on the engine in Washington used parts supplied by the Textron Defendants and relied upon the design specifications, instructions, guidelines, testing procedures, warnings, service information and recommendations of the Textron Defendants.

46.     The Textron Defendants created a defective and unsafe condition in the subject aircraft and or engine in that the design, manufacture, assembly, testing, marketing, distribution and sale of the subject aircraft and or engine and or components thereof were negligent and unreasonably dangerous and the Textron Defendants failed to issue proper and adequate guidelines, instructions, cautions and warnings related to the use of the subject aircraft, engine and or component parts thereof.  As such, the subject aircraft and or engine were not reasonably safe as designed and or manufactured and or not reasonably safe because adequate warnings or instructions were not provided.

47.    The action brought herein against the Textron Defendants is brought pursuant to the common law of negligence and the Pennsylvania Product Liability Law.  Plaintiff alleges by reference, against the Textron Defendants, including, but not limited to, strict liability, negligence, breach of express or implied warranty, failure to warn, failure to properly instruct as to use, misrepresentation, concealment, nondisclosure and or negligent and defective design, assembly and manufacture.

48.    The August 13, 2015 airplane crash described above was the direct and proximate result of the tortious acts and omissions and conduct of Textron Defendants.

49.    As a direct and proximate result of the tortious acts and omissions and conduct of the Textron Defendants, Plaintiff has sustained injuries and damages which are set forth below.

## COUNT V – BREACH OF CONTRACT

### SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. TEXTRON DEFENDANTS

50.    Plaintiff hereby alleges and incorporates all paragraphs above, by reference herein.

51.    At all relevant times, the Textron Defendants warranted the subject engine, and components and or aircraft were airworthy, were or merchantable quality, were fit and safe for the purposes for which they were designed,

13

manufactured, assembled, tested, marketed, sold, and maintained and were free of

defects and that the guidelines, instructions, cautions and warnings pertaining to

the use of the subject engine and or components thereof were proper, sufficient,

adequate and complete.

52.     The Textron Defendants breached said warranties in that the subject

engine and or components and or aircraft were not airworthy, or of merchantable

quality, were not fit and safe for the purposes for which they were designed,

manufactured, assembled, tested, marketed, sold and maintained and were not free

of defects and were otherwise defective and that the guidelines, instructions,

cautions and warnings pertaining to the use thereof and continued airworthiness

were not proper, sufficient, adequate and complete.

53.     The sale and or supply of the subject engine and or component and or

aircraft placed decedent Brian Downing in privity of contract with the Textron

Defendants. It was reasonable for these defendants to expect that the aircraft owner

and pilot would carry passengers on flights. Plaintiff's decedent, Brian Downing,

was also in privity as an intended third party beneficiary.

54.     As a direct and proximate result of the aforementioned breach of

warranties, N6289Z crashed, killing Brian Downing, and causing injuries and

damages to Plaintiff as set forth below.

## FIRST CAUSE OF ACTION – WRONGFUL DEATH

## SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. ALL DEFENDANTS

55.    The preceding paragraphs of this Complaint are incorporated as

though fully set

forth herein.

56.    Decedent Brian Downing left surviving him the following persons

who may be entitled to recover for damages under the Wrongful Death Act,

Plaintiff Sandra Downing, and Beneficiaries Kristyl Downing and James Downing.

57.    Plaintiff, Sandra Downing, Personal Representative of the Estate of

Brian Downing, deceased, brings this Wrongful Death action on behalf of the

beneficiaries under and by virtue of the Acts of 1855, P.L. 309, as amended, 42 Pa.

C.S.A. § 8301, the applicable Rules of Civil Procedure and decisional law.

58.    As a result of the negligent and careless acts and omissions of the

Defendants, as set forth above, Plaintiff's Decedent, Brian Downing, was caused

grave injuries and death resulting in the entitlement to damages by said

beneficiaries under the Wrongful Death Act.

59.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of

Brian Downing., deceased, claims damages for all administrator's expenses

recoverable under the Wrongful Death Act, including, but not limited to, damages

15

for funeral, and burial expenses, and expenses of administration necessitated by reason of injuries causing decedent's death.

60.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, deceased claims damages for loss of the monetary support that decedent would have provided to his beneficiaries during the decedent's lifetime, including, but not limited to, earnings, maintenance, support, and other similar losses recognized under the Wrongful Death Act that his beneficiaries would have received for the rest of decedent's natural life.

61.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing., deceased, claims under the Wrongful Death Act damages for the services provided or which could have been expected to have been performed in the future by decedent.

62.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing., deceased, claims damages under the Wrongful Death Act for all pecuniary losses suffered by beneficiaries.

63.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, deceased claims under the Wrongful Death Act damages to compensate beneficiaries for the loss of contribution between the time of death and today, and the amount of support that decedent would have contributed in the future.

64.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, deceased claims on behalf of the Wrongful Death Act beneficiaries' damages under the Wrongful Death Act for loss of guidance, tutelage and other similar losses recognized under the Wrongful Death Act that would have been provided by decedent.

65.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, deceased claims on behalf of the Wrongful Death Act beneficiaries, damages under the Wrongful Death Act damages for the loss of companionship, comfort, society, guidance, solace and protection of decedent.

66.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, deceased, claims under the Wrongful Death Act the full measure of damages allowed under the law and under the categories of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

## SECOND CAUSE OF ACTION – SURVIVAL ACTION

## SANDRA DOWNING, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN DOWNING, DECEASED V. ALL DEFENDANTS

67.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

68.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, brings this Survival Action on behalf of the Estate of Brian

17

Downing. under and by virtue of 42 Pa. C.S.A. § 8302, the applicable Rules of Civil Procedure and decisional law.

69.    As a result of the negligence, wrongful conduct and misconduct of Defendants, as set forth above, Brian Downing was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Survival Act.

70.    As a result of the death of Brian Downing., his Estate has been deprived of the economic value of his life expectancy and Plaintiff, Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, and on behalf of Survival Act beneficiaries, claim under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all loss of income, earnings, retirement income and benefits and Social Security income, until death, as a result of decedent's death.

71.    Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, and on behalf of Survival Act beneficiaries, further claim under the Survival Act the total amount that decedent would have earned between today and the end of his life expectancy.  Plaintiff especially seeks the total amount of future lost earning capacity, including, but not limited to, the total amount of future lost earnings and earning capacity, including, but not limited to, the total lost future net earnings for decedent, less his cost of personal maintenance.

18

72.     Plaintiff, Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, and on behalf of Survival Act beneficiaries, further claim under the Survival Act damages for embarrassment, disfigurement, humiliation and mental anguish.

73.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, and on behalf of Survival Act beneficiaries, further claim under the Survival Act damages for the conscious pain and suffering and inconvenience endured by decedent prior to his death, including, but not limited to, physical pain and suffering, mental pain and suffering and the fright and mental suffering attributed to the peril leading to decedent's death.

74.     Plaintiff, Sandra Downing, Personal Administrator of the Estate of Brian Downing, claims the full measure of damages under the Survival Act and decisional law interpreting said Act.

## XI.     PROXIMATE CAUSE AND DAMAGES

75.     Plaintiff hereby alleges and incorporates all paragraphs above, by reference herein.

76.     As the direct and proximate cause of the August 13, 2015 crash previously described herein, Plaintiff suffered damages, including but not limited to the following:

      a.      General damages for Sandra Downing arising out of the loss of her husband, Brian Downing, including but not limited to loss of consortium, care, comfort, support, society and companionship.

      b.      General damages for James Downing, and Kristyl Downing arising out of the loss of their father, Brian Downing, including but not limited to: to loss of care, comfort, support, society, companionship and advice.

      c.      Special damages for loss of economic support for Sandra Downing occasioned by the death of her husband, Brian Downing.

      d.      Special damages for wearing apparel, jewelry and other personal property, and funeral and burial expenses and other miscellaneous expenses occasioned by the death of Brian Downing.

      e.      General damages and special damages for the personal injury to Brian Downing which occasioned his death, for his awareness and fear of impending doom, and pre-death pain and suffering.

      f.      Special damages for the destroyed earning capacity, and net loss to the Estate of Brian Downing occasioned by his premature death in excess of any loss of economic support recovered by Sandra Downing, James Downing and Kristyl Downing as requested above.

      g.      Any and all other special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of liability in favor of the

Plaintiff and against the Defendants for such special and general damages as may

be permitted pursuant to applicable law, including the following:

77.     Compensatory damages as to all defendants;

78.     Punitive damages as to all defendants;

79.     For prejudgment interest on all damages herein;

80.     For attorney fees, disbursements, and litigation expenses; and

81.     For such other and further relief as this Court deems just and

equitable.


Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**


Date:  08/11/2017                    /s/ Alisa Brodkowitz, Esquire_____
                                     Alisa Brodkowitz, Esquire
                                     FRIEDMAN/RUBIN
                                     Chief Counsel for Plaintiff
                                     51 University Street, Suite 201
                                     Seattle, WA 98101
                                     Phone: 206-501-4446
                                     Fax: 206-623-0794

___/s/ Clifford A. Rieders, Esquire____
Clifford A. Rieders, Esquire
RIEDERS, TRAVIS, HUMPHRY,
WATERS &
DOHRMANN
Local Counsel for Plaintiff
161 West Third Street
Williamsport, PA 17701
Phone: 570-323-8711
Fax: 570-567-1025