# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA LYNNE DOWNING individually and as Personal Representative of The Estate of Brian Downing, deceased, and on behalf of Kristyl Downing and James Downing, Death Beneficiaries of The Estate of Brian Downing, <br><br> Plaintiff, <br> v. <br><br> BLAIR LOSVAR, *Personal Representative of The Estate of Albert E. Losvar, Deceased;* LYCOMING, *a division of Avco Corporation, a subsidiary of Textron Aviation, Inc. a Kansas corporation;* CESSNA AIRCRAFT COMPANY, *a subsidiary of Textron Aviation, Inc., a Kansas corporation;* JOHN[1] DOES 1-20, <br><br> Defendants. | No. 4:17-cv-01430 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

**JANUARY 23, 2018**

---

[1] The docket sheet lists "Jones" Does. The Clerk of Court will be directed to correct the docket sheet to "John" Does.

## I. BACKGROUND

Plaintiff, Sandra Lynne Downing, the widow[2] of Brian Downing, the passenger on an August 13, 2015 aircraft flight that crashed and killed both him and the Defendant pilot, filed a civil action in this Court on August 11, 2017. The complaint alleges that Defendant Cessna Aircraft Company manufactured the aircraft and Defendant Lycoming [Engines], hereinafter "Avco," manufactured the engine.

The instant action is one of three identical actions Plaintiff has filed against the same group of Defendants. The other two cases were filed in the Eastern District of Washington and District of Kansas, respectively; both cases have motions pending that assert jurisdictional challenges.

In light of these facts, Plaintiff has moved to both stay this action and extend the time within which to serve Defendant Blair Losvar, a task that remains uncompleted after five months. For the reasons that follow, this motion will be denied in its entirety.

## II. DISCUSSION

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[3]

---

[2] Presumably. The complaint doesn't state as such, but it may be inferred.
[3] *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936).

Plaintiff's brief is sparse, and makes little argument as to why this matter should be stayed. Plaintiff merely states that "a stay will simplify issues and promote judicial economy" and "there is good cause to extend the period for service."[4] Plaintiff's sole argument in support of her request is that this Court should wait while the federal courts in Kansas and Washington determine jurisdiction. By comparison, Defendant Avco's brief is both thorough and persuasive. The motion will therefore be denied for all the reasons Defendant has set forth.

There are four factors that I must consider in deciding a motion to stay: (1) the length of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation; (3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy.[5]

*The length of the requested stay*

Here, Plaintiff has requested an open-ended stay. Stays of indefinite duration are discouraged and may "constitute an abuse of discretion."[6] The United States Court of Appeals for the Third Circuit has further warned that "efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in

---

[4] Pl. Br. ECF No. 22 at 6.

[5] *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, 2008 WL 4616843, *4 (M.D. Pa. October 16, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[6] *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 135 (3d Cir. 2004).

favor of proceedings in an alternative forum."[7] Avco argues that although Plaintiff asserts that she is requesting a short stay, she cannot know how long the stay would last as she cannot forsee how rapidly or unhurriedly the other two district courts will act. I agree.

*The hardship that the moving party would face in going forward with the litigation*

"A stay 'is not a matter of right, even if irreparable injury might otherwise result.'"[8] Movants must establish "a clear and convincing case of hardship or inequity that will result if a stay is not granted."[9] In this matter, Defendant argues, cogently, that Plaintiff elected to bring suit in this forum and she should stand willing and able to prosecute her suit here.

*The injury that a stay would cause the non-moving party*

Avco's most persuasive argument is that "Plaintiff cannot claim that she will suffer hardship or inequity if she is required to prosecute a lawsuit that she filed in a jurisdiction that she selected." I wholly agree. Plaintiff here elected to bring suit in this Court, and fairness dictates that Avco receive a timely opportunity to defend. Avco asserts that it deserves to "clear its good name" as the component

---

[7] *Id.*

[8] *Supinski v. United Parcel Serv., Inc.*, 2012 WL 1622385, at *1 (M.D. Pa. May 9, 2012) (Caputo, J.) (*quoting Va. Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

[9] *Benjamin v. Department of Public Welfare of the Commonwealth of Pennsylvania*, 2010 WL 11470607 (M.D. Pa. Dec. 16, 2010) (Jones, J.) *citing Mid-Valley Candy Co. v. R.J. Reynolds Tobacco Co.*, 2002 WL 207116, *1 (E.D. Pa. Feb. 8, 2002).

part allegedly at issue was neither designed, manufactured, sold, nor certified by it.[10]

Additionally, Avco asserts that defending the three identical litigations in three different forums has come "at a great expense," and Avco is "eager to quickly and efficiently litigate the merits of this dispute before this Court."[11] Finally, Avco argues that a stay would not "secure the just, speedy, and inexpensive determination of every action and proceeding." "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." [12]

*Whether a stay will simplify issues and promote judicial economy*

"The specter of inconsistent verdicts, and the opportunity to simplify the issues and to promote judicial economy strongly militate in favor of granting the motion to stay."[13] It is unlikely that one jurisdiction will be jurisdictionally able to prosecute the action against the three Defendants. Instead it is likely that each of the three jurisdictions will prosecute this action against one of the three named Defendants. Because jurisdictional issues seem to point to three separate actions, no judicial economy will be realized from staying the instant action.

---

[10] Def. Br. ECF No. 21 at 4.

[11] Def. Br. ECF No. 21 at 4.

[12] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

[13] *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) (Conner, C.J.)

*Extension of time for service of Blair Losvar*

Plaintiff filed her complaint on August 11, 2017 as noted above. The Clerk of Court issued a summons packet to Plaintiff the same day. Federal Rule of Civil Procedure 4(m) provides ninety days for service. Consequently, the time to serve Mr. Losvar expired on November 10, 2017. Plaintiff filed the motion for extension of time for service on December 19, 2017.

Rule 4(m) requires the Court to extend the time for service if Plaintiff shows "good cause." However, the Third Circuit has long defined "good cause" as "ask[ing the] court for an extension of time *before* the time allotted under the Rules had lapsed," otherwise finding this sort of request to be "too little, too late."[14] As our Court of Appeals noted, "if good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion."[15] Here, Plaintiff has set forth no compelling reason to extend the time to serve Mr. Losvar.

## III. CONCLUSION

For the foregoing reasons, the motion to stay and enlargement of service period is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (Sloviter, J.) (emphasis in original.)

[15] *Id.*