## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA LYNNE DOWNING, individually and as Personal Representative of the Estate of Brian Downing, Deceased, and on behalf of KRISTYL DOWNING and JAMES DOWNING, Death Beneficiaries of The Estate of Brian Downing, | Civil Action No:<br>    4:17-CV-01430-MWB<br><br>Honorable Matthew W. Brann |
| Plaintiff, | |
| vs. | Counsel of Record for this Party: |
| BLAIR LOSVAR, Personal Representative of THE ESTATE OF ALBERT E. LOSVAR, Deceaed; LYCOMING, A DIVISION OF AVCO CORPORATION, A SUBSIDIARY OF TEXTRON AVIATION, INC., a Kansas corporation, CESSNA AIRCRAFT COMPANY, A SUBSIDIARY OF TEXTRON AVIATION, INC., a Kansas corporation, and JOHN DOES 1-20, | **ELECTRONICALLY FILED**<br><br>Stephanie L. Solomon, Esquire<br>Pa. I.D. No.:  208056<br>*slsolomon@burnswhite.com*<br><br>BURNS WHITE LLC<br>Firm No.:  828<br>Burns White Center<br>48 26th Street<br>Pittsburgh, PA  15222<br>Phone:  412.995.3000<br>Facsimile:  412.995.3300 |
| Defendants. | Attorneys for BLAIR LOSVAR, Personal Representative of THE ESTATE OF ALBERT E. LOSVAR, Deceased |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF BLAIR LOSVAR, PERSONAL
## <u>REPRESENTATIVE OF THE ESTATE OF ALBERT E. LOSVAR</u>

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ........................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................... 2

      A.     The Washington Lawsuit .......................................................... 3

      B.     The Kansas and Pennsylvania Lawsuits ................................... 5

      C.     Subsequent Washington Litigation ........................................... 6

STANDARD OF REVIEW ........................................................................... 8

RELIEF REQUESTED ................................................................................ 9

STATEMENT OF ISSUES .......................................................................... 9

LEGAL ARGUMENT ................................................................................ 10

      A.     This Court Lacks General Jurisdiction .................................... 12

      B.     This Court Lacks Specific Jurisdiction .................................... 13

CONCLUSION ......................................................................................... 15

EXHIBITS
    No. 1    Okanogan Coroner's Investigator Report
    No. 2    FAA Registry
    No. 3     NTSB Weather Study
    No. 4    Complaint for Injuries and Wrongful Death (No. 15-2-00516-4, Wash. Super. Ct. (Okanogan Cty.))
    No. 5    NTSB Accident Data Summary

No. 6     Second Amended Complaint for Injuries and Wrongful Death (No. 15-2-900516-4, Wash. Super. Ct. (Okanogan Cty.))

No. 7     Petition for Damages Pursuant to K.S.A. Chapter 60

No. 8     Motion to Remand

No. 9     FAA Airman Details Report

No. 10    NTSB Record of Phone Conversation

No. 11    Plaintiff's Opposition to Avco Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (No. 2:17-CV-00353, E.D. Wash.)

No.12     Copies of Unpublished Opinions cited herein

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Commonwealth ex rel. Papert v. TAP Pharmaceuticals Products, Inc.*,
    868 A.2d 624 (2005) .................................................................... 14

*Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*,
    651 F.2d 877 (3d Cir. 1981) ........................................................ 12

*Daimler AG v. Bauman*,
    134 S. Ct. 746, 754 (2014).................................................... 11, 12

*Dayhoff Inc. v. H.J. Heinz Co.*,
    86 F.3d 1285 (3d Cir. 1996) .......................................................... 8

*Efford v. Jockey Club*,
    796 A.2d 370 (2002) .................................................................... 14

*Element Financial Corporation v. COMQI, Inc.*
    52 F. Supp. 3d 739 (E.D. Pa. 2014)............................................ 11

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .............................................................. 11, 14

*Leonard A. Feinberg, Inc. v. Central Asia Capital Corp., Ltd.*,
    936 F.Supp 1344 (1996) .............................................................. 14

*Mellon Bank East (PSFS), Nat'l Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992) ........................................................ 9

*Mendel v. Williams,*
    53 A.3d 810 (Pa.Super.Ct.2012).......................................... 12, 13

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009)....................................................... 8,9

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
    496 F.3d 312 (3d Cir. 2007)........................................................ 10

*Provident Nat. Bank v. California Federal Sav. & Loan Ass'n*,
 819 F.2d 434 (3d Cir. 1997) ........................................................ 11

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*,
 675 F.2d 587 (3d Cir. 1982) ........................................................ 12

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
 735 F.2d 61(3d Cir. 1984) ............................................................ 9

*Toys "R" Us, Inc. v. Step Two, S.A.*,
 318 F.3d 446 (3d Cir. 2003) .......................................................... 9

*Wilson v. RIU Hotels & Resorts*,
 2011 WL 3241386 (E.D. Pa. July 29, 2011) .............................. 8, 9

*Wolstenholme v. Battels,*
 No. 11–3767, 2013 WL 209207 (3d Cir. Jan.18, 2013) ......... 12, 14

## **STATUTES**

42 Pa.C.S.A. § 5301(a) .......................................................... 12

42 Pa.C.S.A. § 5322 ............................................................... 13

42 Pa.C.S.A. §5322(a) ....................................................... 13, 14

42 Pa.C.S.A. § 5322(b) ................................................. 10, 13, 14

28 U.S.C. § 1332 ....................................................................... 5

28 U.S.C. § 1367 ....................................................................... 5

## **RULES**

Fed.R.Civ.P. 4(k)(1(A) ............................................................ 10

Fed.R.Civ.P. 12(b)(2) .................................................. 1, 8, 9, 11

**BRIEF IN SUPPORT OF MOTION TO DISMISS
OF BLAIR LOSVAR, PERSONAL
<u>REPRESENTATIVE OF THE ESTATE OF ALBERT E. LOSVAR</u>**

Defendant submits this Brief in support of its Motion to Dismiss for

Lack of Personal Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

## I.    <u>INTRODUCTION</u>

On or about August 11, 2017, Plaintiffs commenced this action in the

United States District Court for the Middle District of Pennsylvania.   (Pls.'

Compl. at ECF. No. 1).   This case arises from a small aircraft accident that

occurred in the State of Washington on August 13, 2015.   *Id.* at ¶¶ 11-14.

The flight originated within Washington, and its entire flight path and

destination were within Washington.   *Id.* at ¶ 11.   The subject Cessna

aircraft was owned by Washington resident Albert Losvar.   *Id.* at ¶ 6.   Mr.

Losvar's friend, Brian Downing, was also in the plane.   *Id.* at ¶14.   Mr.

Downing lived in Surrey, British Columbia, Canada.[1]   *See infra.*   Both Mr.

Downing and Mr. Losvar were pilots, and it remains unclear which man was

in control of the Cessna when it crashed.   *Infra.*   Both men died in the

accident.   Pls. Compl. at ¶ 14*.*

As is more fully described below, Plaintiffs have now filed lawsuits in

three separate jurisdictions, for the same causes of action, against the

---

1.  Surrey, BC is part of the Vancouver, BC metropolitan area. Surrey is about two
    hours north of Seattle, Washington by car.

same Defendants.   The first suit was filed in Washington State on December 8, 2015.  Nearly two years later, in August 2017, Plaintiffs filed an additional suit in Kansas, and the within action in Pennsylvania. Admissions were made by Plaintiffs during these "other actions" which demonstrate, along with the face of the Complaint and attached Exhibits, that jurisdiction cannot be established over the within Defendant.

The Estate of Albert Losvar ("Losvar" or "Losvar Estate" herein) is not subject to the jurisdiction of this court, and hereby moves for dismissal of all claims.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

It is undisputed that the subject flight was intended to be a single-day, intra-state flight within Washington.  Pls. Compl. ¶ 11.  Sandra Downing, the Personal Representative of the Downing Estate, confirmed that information when she talked with the Okanogan County Sheriff following the accident: "She confirmed that the plan was for her husband and Mr. Losvar to leave the Oroville Airport about 8:00 a.m., fly to Spokane, Washington, for



Figure 2 – NMQ NEXRAD mosaic from 0930 PDT.

lunch, and then return to Oroville that afternoon." (Ex. 1 at OCCO 000003, Okanogan Coroner's Investigator Report)[2].  The subject aircraft, a Cessna model T182T, tail number N6289Z, was registered to Mr. Losvar in Okanogan County, Washington. (Ex. 2, FAA registry).  Finally, the accident occurred in Okanogan County, Washington. (Ex. 3, NTSB Weather Study (image inset)).   None of the pertinent facts, pled or not pled, link this accident or the Losvar Estate in any way to the Commonwealth of Pennsylvania.

### A.    The Washington Lawsuit

In December 2015, Plaintiffs filed their first Complaint for Injuries and Wrongful Death against a single Defendant: the Losvar Estate (the "Washington Action").  *See* Complaint for Injuries and Wrongful Death, No. 15-2-00516-4, Wash. Super. Ct. (Okanogan Cty.), at Ex. 4.  The case was properly filed in Okanogan County, Washington.  Okanogan County is the county where Mr. Losvar resided; the county where the aircraft was registered, the county in which the flight originated, and the county in which

---

2.  In a Motion challenging the factual basis underlying the court's subject matter jurisdiction, it "may consider evidence outside of the pleadings" to resolve the factual issues bearing on jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).  In making this evaluation, no presumption of truthfulness should be attached to the allegations set forth in the complaint.  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

the fatal accident occurred.  The Losvar Estate is admittedly subject to jurisdiction in Okanogan County, Washington.

In the Washington action, Plaintiffs allege that Losvar's liability arose as the result of "negligent operation of the aircraft" and or "negligent maintenance and inspection of the aircraft."  Ex. 4 at ¶ 4.  Not only did Plaintiffs tacitly acknowledge that all relevant acts occurred within Washington, but they specifically stated that Losvar "committed a tortious act within Washington State," and that jurisdiction and venue are proper in Okanogan County, Washington, because that "is where the cause of action arose." Ex. 4 at ¶ 3.[3]

In August 2017, the Complaint in the Washington Action was amended twice. The primary changes in the Amended Complaints were adding new claims against new Defendants, Textron Aviation, Inc. (Cessna) and Lycoming, a Division of Avco Corporation, who is alleged to have manufactured the engine in the Cessna.  The claims against the Losvar Estate in the Amended Complaints were essentially the same as in the Original Complaint.

---

3  It is worth mentioning that the Plaintiff's allegations that Losvar was operating the aircraft at the time of the accident are contrary to the FAA findings, that "it could not be determined which pilot occupied which seat and who was manipulating the flight controls when the accident occurred. Ex. 5, NTSB Accident Data Summary.

As was true for the Original Washington Complaint, Plaintiffs again confirmed that jurisdiction and venue were proper in Okanogan County, Washington, because the Defendants allegedly "committed tortious acts within Washington State," and Okanogan County Washington is "where the cause of action arose." *See* Second Amended Complaint for Injuries and Wrongful Death, No. 15-2-00516-4, Wash. Super. Ct. (Okanogan Cty.), at Ex. 6.

## B.    The Kansas and Pennsylvania Lawsuits

Also in August 2017, Plaintiff filed two new lawsuits in Kansas (the "Kansas Action") and Pennsylvania ( the "Pennsylvania Action"), in state and federal courts, respectively.   *See* Petition for Damages Pursuant to K.S.A. Chapter 60 at Ex. 7 and ECF. No. 1. Pls.' Compl.  The Pennsylvania action is the action subject to this Motion to Dismiss.  The allegations made in the new jurisdictions were nearly identical to those claimed in the Washington action.

With specific reference to the allegations made in the within lawsuit, it is notable that Plaintiffs claim that "jurisdiction exists" over the "Defendants," under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1367 (supplemental jurisdiction), but they make no reference to the basis for any such jurisdiction over the Losvar Estate.  Pls. Compl. ¶¶ 2-4.  .

In the Pennsylvania action, Plaintiffs sidestepped the issue of *where* the alleged negligence occurred.   Fortunately, the answer is clear: the Complaint specifically and solely refers to Losvar's alleged negligent maintenance and alleged negligent piloting of the aircraft – which we know from the undisputed facts took place in Washington.   Plaintiffs make no allegations that any alleged negligence on the part of Losvar occurred in Pennsylvania.   The Complaint is also notably silent with regard to any actual facts supporting a finding of general or specific jurisdiction over the Estate (see discussion, *infra*). There is not even an allegation that Losvar had "minimum contacts" (or any contacts at all) with Pennsylvania.

The court should also note that the allegation that "the decedent resided in this district" [referring to decedent Downing] is inaccurate.   *See* Pls.' Compl. ¶ 3.  Mr. Downing was a resident of British Columbia, Canada, not Pennsylvania. *See, e.g.* Plaintiffs' Motion to Remand at 2 ("Brian Downing was a citizen of British Columbia and Albert Losvar was a citizen of Washington state). Ex. 8.   That information is consistent with Mr. Downing holding a Canadian pilot's license, and it is consistent with his wife's statement that he "flew at least once a month.  He rented airplanes (Piper) from Langley Flying School in Canada."   *See* FAA Airman Details

Report at Ex. 9; *see also* NTSB 000014, NTSB Record of Phone Conversation at Ex. 10.

### C.   Subsequent Washington Litigation

Even after Plaintiffs filed their new lawsuits in Kansas and Pennsylvania, litigation continued in Washington.  Defendant Lycoming removed the Okanogan County, Washington, case to federal court, alleging diversity jurisdiction.  Plaintiffs responded with a Motion for Remand, alleging lack of diversity.  The Motion to Remand was ultimately granted and the case was returned to Okanogan County court.

Before the court ruled on Plaintiffs' Motion for Remand, Lycoming filed a Motion to Dismiss Plaintiffs' action against it, on the basis of lack of jurisdiction.  Plaintiffs filed a Brief in Opposition.  *See* Plaintiff's Opposition to Avco Corporation's Motion to Dismiss for Lack of Personal Jurisdiction, No. 2:17-CV-00353, E.D. Wash. at Ex. 11. In their opposition to Avco's Motion, Plaintiffs made specific reference to the Kansas and Pennsylvania Actions, **admitting that neither Pennsylvania nor Kansas have jurisdiction over the Losvar Estate**:

> While Plaintiffs did file similar actions in Kansas and Pennsylvania to protect against tolling of the statute of limitations, neither is a reasonable jurisdiction for this action. ***In Kansas, the court would only have jurisdiction over Defendant Cessna Aircraft Company***, a subsidiary of Textron Aviation, Inc. ***In Pennsylvania, there is no personal***

> ***jurisdiction over Defendant Losvar.*** There is complete
> jurisdiction in Washington, and judicial economy is best served
> by adjudication of this matter in Washington.

Ex. 10 at 9.[4]

Plaintiffs are correct – Pennsylvania courts have no jurisdiction over

Losvar.  Plaintiffs obviously intended the Washington federal court to rely

on their representations regarding the lack of jurisdiction in Pennsylvania,

and they cannot now be heard to claim otherwise.  The reality is that

Plaintiffs have neither pled nor otherwise shown that Losvar is subject to

the jurisdiction of the Pennsylvania courts, and the claims should be

dismissed.

## III.   <u>STANDARD OF REVIEW</u>

On a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving that

jurisdiction is proper by "affidavits or other competent evidence.' " *Metcalfe*

*v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (*quoting*

*Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1285, 1302 (3d Cir. 1996)); *Wilson*

*v. RIU Hotels & Resorts*, 2011 WL 3241386, at *2 (E.D. Pa. July 29, 2011).

The plaintiff must make a *prima facie* case for the exercise of personal

jurisdiction by "establishing with reasonable particularity sufficient contacts

---

4  The federal court did not rule on AVCO's motion to dismiss, but instead remanded
the case to state court.

between the defendant and the forum state." *Wilson*, 2011 WL 3241386, at *2 (*quoting Mellon Bank East (PSFS), Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).  Plaintiffs' Complaint makes no specific allegation to support the requested exercise of personal jurisdiction over the Losvar Estate.  Indeed, there is no allegation of even one contact between the Losvar Estate and Pennsylvania.  *See* ECF No. 1.

"In ruling on a 12(b)(2) motion, the Court is required to take all of plaintiff's allegations as true and to resolve all factual disputes in plaintiff's favor." *Wilson*, 2011 WL 3241386, at *2 (*citing Metcalfe*, 566 F.3d at 329 (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "Nevertheless, 'at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.' " *Id.* (*quoting Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 68 n.9 (3d Cir. 1984)).

## IV.   **<u>RELIEF REQUESTED</u>**

The Losvar Estate requests dismissal of all claims against it.

## V.   STATEMENT OF ISSUES

1.     Should all claims against the Losvar Estate be dismissed because Plaintiffs have not met their burden of establishing that Pennsylvania long-arm statute jurisdiction applies to the Losvar Estate?

Proposed Answer:  **YES.**

2.     Should all claims against the Losvar Estate be dismissed because Plaintiffs have not met their burden of establishing that the exercise of Pennsylvania jurisdiction over the Losvar Estate comports with federal due process principles?

Proposed Answer:  **YES.**

## VI.   LEGAL ARGUMENT

Even though Plaintiffs have already freely admitted in Washington federal court pleadings that this Pennsylvania court lacks jurisdiction over the Losvar Estate, a short analysis of jurisdiction law follows.

A United States District Court exercises personal jurisdiction according to the law of the state where it sits. Fed. R. Civ. P. 4(k)(1)(A); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). The Pennsylvania Long-Arm statute establishes the scope of personal jurisdiction over persons outside of this Commonwealth.  42 Pa.C.S.A. § 5322(b)("the jurisdiction of the tribunals of this Commonwealth shall

extend to all persons ... to the fullest extent allowed under the Constitution of the United States"); *see also Element Financial Corporation v. COMQI, Inc.*, 52 F. Supp. 3d 739, 743 (E.D. Pa. 2014). The United States Constitution permits states to authorize their courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts with the state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) *(quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Federal Rules of Civil Procedure permit a party to raise the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12 (b)(2).

There are two types of personal jurisdiction: specific and general. *Bauman*, 134 S. Ct. at 754-758.  Specific jurisdiction requires that "the in-state activities of the corporate defendant had not only been continuous and systematic, but also gave rise to the liabilities sued on." *Id.* at 755. General jurisdiction, by contrast, requires a finding that "continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.   See also Provident Nat. Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1997)(a

showing of minimum contacts is not sufficient to establish general jurisdiction). General jurisdiction will not be found to exist absent "a very high threshold of business activity." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 n.2 (3d Cir. 1981). To meet this threshold, a plaintiff must establish that the defendant had contacts with the forum state that are "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). The Supreme Court has explained that "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Bauman* at 760.

## A.    This Court Lacks General Jurisdiction.

The long-arm statue in Pennsylvania allows for general or specific personal jurisdiction to be exercised over nonresidents. *Wolstenholme,* 2013 WL 209207, at *3. General jurisdiction is governed by 42 Pa.C.S.A. § 5301(a), which states:

> [R]elationships between a person and this Commonwealth [that] shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his [or her] personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative.

*Id.; Mendel v. Williams,* 53 A.3d 810, 817 (Pa.Super.Ct.2012). "When

jurisdiction over a defendant is based on section 5301(a), any cause of action may be asserted against the defendant, whether or not it arises from the defendant's conduct in Pennsylvania." *Mendel,* 53 A.3d 810, 817. To assert general jurisdiction, a defendant must have "continuous and systematic" contact with the forum state. *Id.* at 818.

The Losvar Estate has had no known contact with Pennsylvania. Mr. Losvar was a Washington resident, and the estate claims are filed in Washington. The aircraft was owned and operated in Washington, and the accident occurred there. Further, in her pleadings filed in federal court in Washington, the plaintiff and her attorneys have admitted there is no personal jurisdiction over the Losvar Estate. There is no basis for general jurisdiction in this case.

### B. This Court Lacks Specific Jurisdiction.

Specific jurisdiction in Pennsylvania is governed by 42 Pa.C.S.A. § 5322. *Mendel,* 53 A.3d at 820. Section 5322(a) contains ten paragraphs that specify particular types of contact with Pennsylvania deemed sufficient to warrant the exercise of specific jurisdiction." *Id.* Section 5322(b) operates as a 'catchall,' providing that jurisdiction may be exercised over persons who do not fall within the express provisions of section 5322(a), but only to the extent permitted by the Due Process Clause of the United

States Constitution." *Id.* at 821.  If a defendant's activities in Pennsylvania only give rise to jurisdiction under section 5322(a) or (b), then the plaintiff's cause of action is limited to those activities which formed the basis of jurisdiction. *Id.* Therefore, even if jurisdiction is found to be proper under the Pennsylvania long-arm statute, a plaintiff must also show that the exercise of jurisdiction conforms with the Due Process Clause. *Id.*

The Third Circuit has explained that the following analysis must be conducted to determine whether asserting jurisdiction conforms with the U.S. Constitution:

> First, we ask whether the defendant's activities were purposefully directed at the forum. We then consider whether the litigation arises out of or relates to at least one of those activities. Finally, if we answer the first two parts in the affirmative, we consider the traditional notions of fair play and substantial justice underscored in *International Shoe.*

*Wolstenholme v. Battels,* No. 11–3767, 2013 WL 209207, at 3 (3d Cir. Jan.18, 2013) (internal citations and quotations omitted). *See also*, *Commonwealth ex rel. Papert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624 (2005) (specific jurisdiction over a nonresident is focused on the particular acts of the defendant that gave rise to the underlying cause of action), *Efford v. Jockey Club*, 796 A.2d 370 (2002) (specific jurisdiction has a defined scope and is focused on the particular acts of the defendant that gave rise to the underlying cause of action), *Leonard A. Feinberg, Inc.*

14

*v. Central Asia Capital Corp., Ltd.*, 936 F.Supp 1344 (1996) (for exercise of specific jurisdiction to comport with the due process clause of the Fourteenth Amendment, a defendant must have made constitutionally sufficient minimum contacts with the forum, and the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice).

In the case at hand, we must ask the simple question: what evidence is there that Losvar had the required minimum contacts with Pennsylvania? The answer is simple: there is no evidence that Losvar had any contacts in Pennsylvania, much less contacts that would satisfy the Fourteenth Amendment, and the plaintiff and her attorneys have admitted so in their federal court pleadings in federal court in the Eastern District of Washington. Neither general nor specific jurisdiction exists here, so the claims should be dismissed in their entirety.

## VII.  <u>CONCLUSION</u>

This case involves a small plane accident. The aircraft was owned and registered in Washington; the deceased defendant lived in Washington, and the deceased plaintiff lived in British Columbia, Canada. The flight originated within Washington, and its entire flight path and destination were within Washington. The accident occurred in Washington, and the Losvar estate was filed in Washington. The negligence alleged

against Losvar (negligent maintenance and operation of the airplane) occurred in Washington.

The subject lawsuit is one of three Plaintiffs brought against identical defendants in three different jurisdictions. In each jurisdiction, Plaintiffs make the same essential claims. However, as the plaintiff and her attorneys have admitted in the United States District Court for the Eastern District of Washington, "***In Pennsylvania, there is no personal jurisdiction over Defendant Losvar.***"

Under Pennsylvania law, long-arm jurisdiction only applies if the standards of the Fourteenth Amendment to the U. S. Constitution are met. Those standards have not been met, and the court should dismiss all claims against Losvar for lack of personal jurisdiction.  For these reasons, Plaintiffs' Complaint should be dismissed, with prejudice, against the Losvar Estate.

Respectfully submitted,

BURNS WHITE LLC

*/s/ Stephanie L. Solomon*
Stephanie L. Solomon, Esquire
Pa. I.D. No.:  208056
*slsolomon@burnswhite.com*

BURNS WHITE LLC
Firm No.:  828

16

Burns White Center
48 26th Street
Pittsburgh, PA  15222
Phone:  412.995.3000
Facsimile:  412.995.3300

Attorneys for BLAIR LOSVAR, Personal
Representative of THE ESTATE OF
ALBERT  E.  LOSVAR,  Deceased

## CERTIFICATE OF SERVICE

I hereby certify that I am this 13th day of March, 2018, the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF BLAIR LOSVAR, PERSONAL REPRESENTATIVE OF THE ESTATE OF ALBERT E. LOSVAR** has been served on all counsel of record via the court's electronic filing system.

BURNS WHITE LLC

*/s/ Stephanie L. Solomon*
Stephanie L. Solomon, Esquire
Pa. I.D. No.:  208056
*slsolomon@burnswhite.com*

BURNS WHITE LLC
Firm No.:  828
Burns White Center
48 26th Street
Pittsburgh, PA  15222
Phone:  412.995.3000
Facsimile:  412.995.3300

Attorneys for BLAIR LOSVAR, Personal Representative of THE ESTATE OF ALBERT E. LOSVAR, Deceased